```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| TERRENCE SCALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cv. No. 18-2548 |
| ) | Cr. No. 12-20218 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is Petitioner Terrence Scales' <u>pro se</u> motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on August 10, 2018. (the "§ 2255 Motion"). (ECF No. 1.) Also before the Court is Scales' Motion for Immediate Relief, filed on September 5, 2018. (ECF No. 5.) Scales challenges his sentence in Criminal Case No. 12-20218.

For the following reasons, Scales' motions are DENIED.

**I.   Background**

On October 17, 2013, Scales pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Cr. ECF No. 39 at 50.)[1] At Scales' sentencing on February 4, 2015,

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number. Citations to (Cr. ECF ##) refer to the criminal case <u>United States v. Terrance Scales</u>, No. 2:12-cr-20218 (W.D. Tenn.).

the Court found that Scales was an armed career criminal based on four prior Tennessee convictions: a 2002 aggravated burglary conviction; a 2002 criminal attempt aggravated burglary conviction; a 2003 aggravated burglary conviction; and a 2005 facilitation of first-degree murder conviction. (ECF No. 82 at 140.) The Court sentenced Scales to 180 months in custody. (Id. at 146.) Scales did not appeal.

Scales filed his § 2255 Motion on August 10, 2018, and his Motion for Immediate Relief on September 5, 2018. (Cv. ECF Nos. 1, 5.) Scales argues that he is entitled to resentencing under United States v. Stitt, 860 F.3d 854 (6th Cir. 2017) (en banc), and Johnson v. United States, 135 S. Ct. 2551 (2015). (Id.) Scales contends that, based on Stitt and Johnson, his two prior aggravated burglary convictions "are no longer considered violent felonies for the purpose of the [Armed Career Criminal Act ("ACCA")]." (ECF No. 5 at 19-20.)

**II. Analysis**

The en banc opinion of the Sixth Circuit in Stitt does not help Scales. In United States v. Stitt, the Supreme Court reversed the Sixth Circuit and held that Tennessee's aggravated burglary statute qualifies as the ACCA-enumerated violent felony of burglary. 139 S. Ct. 399, 407 (2018). Scales' two aggravated burglary convictions are therefore violent felonies for purposes of the ACCA. Scales' facilitation of first-degree murder is also

2

a violent felony for purposes of the ACCA. See United States v. Gloss, 661 F.3d 317, 318 (6th Cir. 2011) (holding, in a related situation, that a Tennessee conviction for facilitation of aggravated robbery qualifies as a violent felony). Scales has three prior violent felony convictions and is an armed career criminal subject to an enhanced sentence under the ACCA.

Scales' reliance on Johnson is misplaced. In Johnson, the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. Johnson does not apply here because Scales was not sentenced under the ACCA residual clause. Scales' Johnson claim is also time-barred because it was filed more than a year after the Supreme Court published Johnson. See Pineda v. United States, No. 1:16-CV-356-HSM, 2018 WL 5928363, at *3 (E.D. Tenn. Nov. 13, 2018).

**III. Appealability**

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

3

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

Scales is not entitled to relief under Stitt or Johnson. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

## IV. Conclusion

For the foregoing reasons Scales' motions are DENIED.

So ordered this 26th day of February, 2019.

                                            /s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE